IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) <br> ) <br> DEBORAH SUSAN MESSNER ) <br> a/k/a DEBORAH SUSAN GASKILL ) <br> ) <br> Debtor ) <br> ) | CHAPTER 7 <br><br> BANKRUPTCY NO. 09-13701(JKF) |
| CHRISTINE C. SHUBERT, Chapter 7 ) <br> Trustee for the Estate of Deborah Susan ) <br> Messner a/k/a Deborah Susan Gaskill ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> BARBIERI AND ASSOCIATES ) <br> ) <br> Defendant ) <br> ) | ADVERSARY NO. 09- |

# RESPONSE TO CHRISTINE C. SHUBERT'S, CHAPTER 7 TRUSTEE, COMPLAINT TO AVOID AND RECOVER PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C §§ 547 AND 550

Barbieri and Associates, the Defendants in this action, come before this Honorable Court and respectfully represent the interests of Barbieri and Associates along with the interests of Deborah Susan Messner. Such representation is made by and through their counsel, Pietro A. Barbieri, Esq., in response to the Complaint filed by the Plaintiff, Christine C. Shubert.

DEFENDANTS ANSWERS TO PLAINTIFF'S JURISDICTION AND VENUE

1. Denied. While the statutory representations of the Plaintiff herein are accurate, the fact is that the money currently in the possession of Debtor's counsel is not now, nor has it ever been, a preferential transfer. That is a supposition made by this Plaintiff based on erroneous facts known to the Plaintiff, and made in spite of that knowledge, merely to support their claim.

1

2. Admitted.
3. Admitted.
4. Admitted.

DEFENDANTS ANSWERS TO PLAINTIFF'S PARTIES

5. Admitted.
6. Admitted.
7. Denied in part, and admitted in part. While it is true that over the three years of representing this particular Debtor the Defendant Barbieri has submitted bills and invoices. However, as is known by the Trustee, on April 7, 2009, the Defendant forgave and released from payment any and all obligations owed by this Debtor. It is unknown to this Defendant as to why the Trustee would represent facts that suggest that there were debts and obligations due and owing in excess of that which was remitted for and in consideration of the filing of the bankruptcy. Defendant respectfully denies the allegation as set forth by the Plaintiff and respects that discovery will uncover the predicates upon which such allegations have been made.

DEFENDANTS ANSWERS TO PLAINTIFF'S FACTS

8. Denied as stated. The Defendant herein has some information as to the activities of this Debtor prior to the filing of her petition and thereafter. However, the information is substantially incomplete at this time. Defendant must respectfully deny this allegation.
9. Admitted as stated.
10. Denied as stated. While it is admitted that the Debtor involved was insolvent it is clear from an investigation of the books and records currently in the possession of this Plaintiff that she had substantial assets in an I.R.A. account properly opened, executed, and under proper management.

DEFENDANTS ANSWERS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

11. No response or pleading is required in as much that this is neither an allegation of fact or conclusion of law.

12. Denied as stated. It is admitted however, that the records of Scot Trade and Bryn Mawr Trust properly reflect the dates, times, and places, the wire transfer was made. As to the specifics regarding when it cleared, those facts are unknown to the answering Defendant and therefore must be denied as such.

    In further response, the innuendo contained within this statement is that this was a preferential payment made with assets of the Defendant and inclusive or includable in the bankruptcy itself. However, pursuant to the decision of _Rousey v. Jockway (Trustee)_ United States Supreme Court Docket #03-1407 (2005) those fund were taken from an I.R.A. account and transferred to the Defendant. <u>And, while the Defendant, Barbieri and Associates, may not be entitled to the funds, it is equally true that the Plaintiff herein, the Trustee, is equally not entitled to those funds.</u> They were on the date of transfer, I.R.A. funds and it is based upon the decision of Justice Clarence Thomas, Justice of the United States Supreme Court, they are and remain I.R.A. funds therefore, subject to an exemption.

13. Denied as stated. It is clear that this Plaintiff is fully and completely aware that the money was placed into an escrow account and since its receipt the Defendant has been prepared to return it to its rightful owner for disposition consistent with the owner's rights to do so.

14. Denied as stated. While it is true that the Defendant had multiple invoices due and owing, the Plaintiff herein is aware that those debts were forgiven on April 7, 2009 because of the exegesis of this situation. The Debtor herein made a transfer; the reason for said transfer is not based upon any legal obligation. Therefore the inference and innuendo suggested by this allegation must be respectfully denied.

15. Admitted.

16. Denied as stated. Under the laws of the United States of America and consistent with the petition filed before this Court, the Defendant received for the bankruptcy, the amount of Two Thousand Dollars and 00/100 ($2,000.00) as set forth in its petition. The remainder is held, and was held, to the beneficial interest of the Debtor. As previously stated this Defendant is now, and has been prepared to return the money to its rightful owner. <u>However, the Trustee has as of this date, failed to and continues to refuse to identify who is the rightful owner of these funds.</u>

17. Denied as stated for all of the reasons set forth in this answer.  The Plaintiff herein is attempting to set aside a transfer that it knows is in the possession of but not claimed as owned by this Defendant but merely being held pending a determination of this Court as to the proper ownership of those funds.

DEFENDANTS ANSWERS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

18. Neither an allegation or fact nor a statement of law.  Therefore, no affirmative answer is required.
19. Denied.
20. Denied as stated.  To the contrary, pursuant to § 522(d)(10)(e) as explained in *Rousey v. Jockway (Trustee)*  United States Supreme Court Docket #03-1407 (2005) the funds as described by this Plaintiff may in fact not be a part of the Debtor's Estate but may be in fact part of the Debtor's Individual Retirement Account and not subject to this proceeding.  Therefore, the statement as set forth in paragraph 20 is a conclusion of law that is not based upon facts that cannot be supported by this Plaintiff.

**WHEREFORE**, this Defendant requests equitable relief and ask that this Court enter a Declaratory Judgment against the Plaintiff and in favor of the Debtor assigning the assets, the subject matter of this transaction, to the Debtors Individual Retirement Account, and Order for Inter Pleader pursuant to Rule 22 of the Federal Rules of civil Procedure.

The Defendant herein also requests that costs and attorney's fees be assessed against the Trustee for bringing a claim that it knows, or should know, exceeds the limits of its authority consistent with the most recent United States Supreme Court decision on this issue.

# COUNTER CLAIM
# IN THE FOR OF AN ADVERSARY PROCEEDING AND INTER-PLEADER PURSUANT TO FRCP 22

The Defendant, Barbieri and Associates, in conjunction with and permission of the Debtor, Deborah Messner, files this counter claim against the Trustee by her attorney Pietro A. Barbieri and in doing so respectfully represent the following facts to be true and accurate to the best of her information, knowledge, and belief.

## JURISDICTION

21. The Defendant and Debtor reassert that this case has proper jurisdiction and venue as set forth in the original Complaint and answer hereto.

## PARTIES

22. Furthermore this Defendant further asserts that the parties are properly identified as set forth in paragraphs 5, 6, and 7 of the original Complaint.

## FACTS

The facts herein are as follows.

23. On or about May 19, 2009, the Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code.
24. That for approximately four years preceding the filing of the petition in Bankruptcy the Debtor separated, supporting a disabled child, and litigating her right to substantial assets that were acquired during her marriage.
25. For reasons best known to the Debtor and as partially set forth in her statement under oath to the United States Trustee which she explains the exigent circumstances that required disbursement of her I.R.A. funds to specific individuals.  (See attached "A")  A copy of that statement was provided to the Trustee and the U.S. Trustee on September 29, 2009, along with a record of the transfers that were made by the Debtor.
26. The transfer made to the Defendant law firm, was made not because of any legal obligation but because of a sense of loyalty and gratitude for the faithful performance by the said firm.
27. Upon receipt the Defendant and the Debtor after discussion recognized that the funds were part of an I.R.A. and were being held in trust as such.

28. When the disbursements of the Debtor were revealed, the Debtor provided to the Trustee complete disclosure along with justifications for the transfers that were made. The transfers were all made consistent with the law as explained by Justice Clarence Thomas in *Rousey* *Id*.

29. After consultation with the Debtor the Defendant agreed that the funds had to be either transferred back into the I.R.A. account or to the Trustee. In support thereof on October 6, 2009 counsel for the Defendant and the Debtor agreed to enter into a consent order.

30. On or about October 6, 2009, the Trustee, through its counsel provided a <u>Consent Order that did not address</u> the ownership or possessory rights of these funds being held in escrow by the Defendant. (See attached "B")

31. On or about October 22, 2009, the Defendant, with the assistance of the Debtor, prepared a Consent Order that in part states as follows:

> <u>That the Debtor without solicitation or request wire transferred $ 22,000 [representing $20,000 several years of unpaid invoices to the debtor as well as the $2,000 Fees and Costs associated with this filing] into the an escrow account of Counsel Pietro A. Barbieri, Esq. instead of the $ 2,000 as she was supposed to transfer.</u>
>
> <u>Upon investigation it was determined that the funds came from a Qualified Domestic Relations Order creating an Individual Retirement Account for the Debtor.</u>
>
> <u>Pursuant to the law established in ROUSEY V. JACOWAY (03-407) 544 U.S. 320, (2005) the funds are currently being held in escrow for the Debtor. Pietro A. Barbieri, Esq. Counsel for the Debtor does not now nor has he ever claimed ownership of those funds.</u>

32. The Trustee, upon receipt of the Consent Order, with the phrasing as set forth above, <u>immediately redacted that paragraph.</u> Refusing to evidence the Trustee's position that the case law in *Rousey* does not apply.

6

33. With that refusal, both the Debtor and Defendant became concerned that this Trustee is exceeding the limits of its authority as set forth in the United States Bankruptcy Code specifically 522(d)(10)(e) as defined and explained in the *Rousey* decision of 2005 *Id*.

34. By virtue of the Consent Order provided by the Debtor and Defendant, the Debtor requested that the Trustee either return the funds to the possession and control of the Debtor or state that those funds are not subject to the interpretation as set forth in the *Rousey* opinion.

35. On November 10, 2009, the Plaintiff, Trustee, rather than demonstrate a legal right to the assets, filed a Complaint against the Debtor's counsel.

36. Upon investigation it has been determined that the Trustee has on at least four other occasions in the matter, attempted to recover funds that were properly within the possession and control or the Debtor's Individual Retirement Account solely for the purpose of distributing those funds to creditors listed within the Bankruptcy petition.

37. The Trustee by that action retains and obtains a substantial financial interest in the recovered proceeds. In fact, the financial interests of the Trustee can exceed in excess of Fifty Thousand Dollars ($50,000.00).

38. The actions taken by the Trustee are in excess of its rights and duties as set forth in the United States Department of Justice Handbook for Chapter 7 Trustees, [effective January 1, 2005] and more specifically, section 704(1) of the United States Bankruptcy Code.

39. Specifically the Trustee herein violated that duty in as much as the attempt to collect I.R.A. funds of the Debtor will result in the Debtor being destitute.

40. Furthermore, at 6.1 the Trustee's handbook states "that the Chapter 7 Trustee is a representative of the estate, that the Trustee is a fiduciary in charge with protecting the interests of all estate beneficiaries… as well as the Debtor's interest in exemptions and in any possible surplus property." §323(a)

41. By attempting to recover this property for distribution to creditors the Trustee further violates its obligations under the laws of the United States of America by failing to protect the Debtor's interest in exempted properties.

42. Additionally the Debtor and Defendant herein reserve the right to amend this Complaint and include other violations of the duties and obligations of the Trustee as assigned to this matter after the taking of discovery.

**WHEREFORE**, this Defendant and the Debtor respectfully pray that this Court grant leave to take discovery in this matter to determine the extent of the Trustee's actions as are in violation of the United States Bankruptcy Code specifically section(s) 323 and 704.

a. That the funds held by the Defendant be placed into an inter pleader pursuant to Federal Rules of Civil Procedure 22 until such time as this Court can determine the ownership and possessory rights thereto.

b. That the Defendant in this action, and in the preservation of the Debtor's rights, be awarded attorney's fees.

c. That this Court enter a declaratory judgment in favor of the Debtor, that all said funds that are apart of and subject to the Individual Retirement Account, be exempted from any actions of the Trustee.

d. The Defendant and the Debtor respectfully request that this Court enter in addition to the declaratory judgment, in favor of the Defendant and Debtor, and furthermore require this Defendant and all other Defendants be required to return the funds to the I.R.A. account of the Debtor, and the cost of litigation assessed against the Trustee for failing to carry out its obligations as set forth in the United States Bankruptcy Code and consistent with the laws of the United States.

        Respectfully submitted
        Barbieri and Associates,

By: _____
        Pietro A. Barbieri, Esquire
        657 Exton Commons
        Exton, PA 19341
        ID 28162
        (610) 280-7078

Dated: <u>Monday, November 16, 2009</u>